#### UNITED STATES v. MAYERHOFER.

#### Civil Action No. 2436–PH.

District Court, S. D. California, Central Division.

June 13, 1944.

Charles H. Carr, U. S. Atty., successor to Leo V. Silverstein, and John Marvin Dean, Asst. U. S. Atty., all of Los Angeles, Cal., for plaintiff.

Arthur C. Webb, of Los Angeles, Cal., for defendant.

A. L. Wirin and Nathan Newby, both of Los Angeles, Cal., amicus curiae, by appointment of the Court.

HALL, District Judge.

The date of defendant's naturalization and the period of her membership in the Bund is different than in the Korner case, United States v. Korner, D.C., 56 F.Supp. 242, but otherwise the allegations of the complaint are substantially identical. One other difference is noted; it appears from the face of the complaint (which is not so in any of the companion cases) that the defendant did not reside in the United States for a period of five years prior to her admission to citizenship. In that connection the complaint alleges her naturalization in this court on Petition Number 246–F–66133. For that reason this court can take judicial notice of its own records and files and the contents thereof in that matter. From them it appears that defendant married an American Citizen and hence under the naturalization laws, five year residence was not required. But the tests of attachment are the same as in the cases where there is the requirement of five year residence, that is "behavior". Thus no different legal problem is presented here than in the Korner and Kusche cases, and the conclusions must be and are the same as

in those cases. A copy of the Memorandum of Opinion filed today in each of them is attached and adopted as if herein again set out in full. (See 56 F.Supp. 201, 242.) On the basis of the discussions and conclusions stated therein, it is held that the complaint in this case does not state facts sufficient to constitute a cause of action.

The motion to strike all of the evidence is granted;

The objection to the introduction of any evidence is sustained, and,

It is hereby ordered, adjudged, and decreed that the within action be and is hereby dismissed.